IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AARON SHELTON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 05-3179-CV-S-RED-H |
| ROBERT McFADDEN, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Petitioner has prepaid the filing fee, and does not request leave to proceed in forma pauperis. Because petitioner has failed to state a constitutional violation, it must be recommended that the petition be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner alleges that his due process rights were violated regarding a disciplinary hearing at the Medical Center. Petitioner seeks expungement of an Incident Report and the Discipline Hearing Officer ["DHO"] Report at issue in this case.

It is petitioner's contention that he did not receive a fair hearing, that he did not receive advance written notice of the charges prior to the hearing, and that he did not receive adequate notice that his conduct was prohibited. He asserts that he was only provided with a copy of the Incident Report, which failed to mention that one of the charges against him was that he was impermissibly recording music. Therefore, he asserts that he was not provided adequate notice of

the charges against him, in either the Incident Report or the DHO Report. He contends that he did not receive a fair hearing because he did not receive adequate notice that his conduct was prohibited. It is his position that Ms. Darst testified only that the computer would be taken away if it was used for anything other than the resume program, and this was not the same as informing him that any other use was prohibited.

Respondent maintains that petitioner received a disciplinary report for Using Any Equipment Contrary to Instructions, Code 319, on October 31, 2003. It is contended that he received 24 hours advance written notice of the charge prior to the DHO hearing; that he did call witnesses into the DHO hearing and had a staff representative; that he was presented with a written statement of the findings and reasons for the action taken; that he received a fair and impartial hearing; and that he was found guilty of the violation, after having admitted that he knew he was not allowed to sign on to his computer as an administrator and knew he was not allowed to record music off this computer, which he did do.

Respondent asserts that, under the standard enunciated in <u>Superintendent, M.C.I. Walpole v. Hill,</u> 472 U.S. 445 (1985), due process requirements are satisfied if some evidence supports the decision of the committee. Respondent contends that the standard was met in this case because the record clearly indicates that petitioner used the computer contrary to verbal instructions. He admitted that he violated the rules for using the computer, which were verbally explained to him, and he did not request a postponement of the DHO hearing.

Having fully reviewed the record, the Court finds that the standard set forth in <u>Hill</u> has been met in this case. The law requires, in a prison disciplinary hearing, that the findings of the hearing officer must be supported by "some evidence" in the record. <u>Id.</u> at 455-56. It is clear that in this case, there is some evidence to support the finding that petitioner misused the

computer. Further, the record indicates that he was given a copy of the Incident Report on October 31, 2003, and that the hearing was held on November 12, 2003, and that he therefore received advance written notice of the charges against him. Additionally, he called two witnesses, who provided written reports and testified at the DHO hearing. In the written report, Ms. Darst, of the Education Department, stated that both she and Mr. Rear told petitioner that if the computer was used for anything other than the resume program, it would be taken away. Ms. Rear, Supervisor, Education Department, reported that petitioner had disclosed during questioning on the date he received the incident report that Ms. Darst had warned him about appropriate use. Petitioner had quoted Ms. Darst as saying that she was not going to lose her job over something that he did. Ms. Rear stated that petitioner said this in front of two other witnesses when he admitted to taking advantage of Ms. Darst. According to Ms. Rear at the hearing, petitioner admitted that he used the computer to record music, which he knew he was not allowed to do. The witness also stated that petitioner signed on to the computer as an administrator, which he also knew he was not allowed to do. Ms. Darst testified that anytime she saw petitioner, he was doing education work on the computer, and that inmates are not allowed to repair the computer. Regardless of petitioner's complaints to the contrary, it is clear that there is some evidence, under the Hill standard, to support the finding of the DHO that petitioner misused the computer. His contentions that his due process rights were violated are not supported by the record. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the petition be dismissed without prejudice.

    /s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 04/20/06